OTIS ELEVATOR COMPANY v MID-AMERICA REALTY
INVESTORS

Docket No. 151651. Submitted May 10, 1994, at Detroit. Decided
September 19, 1994, at 9:10 A.M.

Otis Elevator Company brought an action in the Wayne Circuit
Court against Mid-America Realty Investors, seeking damages
for Mid-America's refusal to pay for work done by Otis at Mid-
America's David Whitney Building. A consent judgment of
$6,030 for Otis was entered in November 1991, and a judgment
on a mediation evaluation of $100,000 for Otis was entered in
January 1992. In February 1992, Otis sought to garnish the
rental payments of the tenants of the David Whitney Building
in an effort to collect on its judgments. Firemen's Insurance
Company of Newark, New Jersey, intervened, claiming that it
had a prior perfected security interest in the rental income
under a 1986 mortgage that provided for the assignment of
such rents in the event of Mid-America's default. Firemen's
further claimed that a default had occurred in 1989 and that
statutory notice of the default had been filed with the Wayne
County Register of Deeds in February 1990. Otis argued that
the assignment of the rents did not vest until Firemen's served
notice of the default on the individual tenants, by which time
Otis had commenced the garnishment proceedings and thus
had priority of claim to the rental income. The court, Susan D.
Borman, J., determined that Firemen's interest in the rental
income was superior to that of Otis, dissolved Otis' writs of
garnishment, and granted summary disposition for Firemen's.
Otis appealed.

The Court of Appeals *held:*

MCL 554.231; MSA 25.1137(1) provides that a mortgagee of
commercial or industrial property may take as additional secu-
rity an assignment of rents that is binding on the assignor only
in the event of a default of the mortgage. As between a
mortgagee and mortgagor, a default of the mortgage is suffi-
cient to perfect the right of the mortgagee to the assigned

REFERENCES

Am Jur 2d, Attachment and Garnishment §§ 113, 145, 464, 472.
See ALR Index under Attachment or Garnishment.

rents. Accordingly, the trial court properly determined that by the time of the garnishment proceeding instituted by Otis, Firemen's already had a perfected security interest in those rents pursuant to the assignment provision of the mortgage.

Affirmed.

GARNISHMENT — RENTS — MORTGAGES — ASSIGNMENTS — DEFAULT.

A mortgagee of a mortgage on commercial or industrial property that provides as additional security an assignment of rents from the property upon default of the mortgage has priority of claim to such rents over a judgment creditor of the mortgagor where the default of the mortgage occurs before garnishment proceedings are commenced by the judgment creditor (MCL 554.231; MSA 25.1137[1]).

*Cardelli, Schaefer & Mason, P.C.* (by *Cheryl A. Cardelli*), for the plaintiff.

*Kerr, Russell & Weber* (by *Edward C. Cutlip, Jr., James R. Cambridge,* and *Patrick J. Haddad*), for Firemen's Insurance Company.

*Dickinson, Wright, Moon, VanDusen & Freeman* (by *John R. Clark*), for Mid-America Realty.

Before: MARILYN KELLY, P.J., and SHEPHERD and L. P. BORRELLO,* JJ.

SHEPHERD, J. Plaintiff, Otis Elevator Company, appeals as of right from an April 2, 1992, order of the trial court in favor of defendant Firemen's Insurance Company of Newark, New Jersey, on the parties' cross motions for summary disposition. We affirm.

On November 1, 1986, Mid-America Realty Investors entered into a mortgage and security agreement with Firemen's whereby Firemen's agreed to loan monies to Mid-America, retaining a security interest in the David Whitney Building in Detroit, with additional security provided by an

* Circuit judge, sitting on the Court of Appeals by assignment.

assignment of rents and leases in the event of default. On October 13, 1989, Firemen's made a demand for Mid-America to cure a default or face foreclosure. In February 1990, a statutory notice of default in the terms and conditions of mortgage was recorded with the Wayne County Register of Deeds.

On November 12, 1991, Otis obtained a consent judgment against Mid-America in the amount of $6,030. On January 7, 1992, Otis obtained a judgment against Mid-America in the amount of $100,000. In February 1992, Otis sought to garnish the rental payments of the tenants of the building in an effort to collect on the judgments. Shortly thereafter, Firemen's informed Otis that it had a prior perfected interest in the rental proceeds and demanded a retraction of the garnishment proceeding.

On March 4, 1992, Firemen's served the tenants of the building with a notice of default and a copy of the mortgage agreement. On March 6, 1992, the trial court entered a preliminary injunction restraining Otis' garnishment efforts until the validity of the garnishments could be determined. On April 2, 1992, the trial court determined that Firemen's interest in the rent proceeds was superior to that of Otis, dissolved Otis' writs of garnishment, and granted summary disposition in favor of Firemen's. Plaintiff appeals from the April 2, 1992, order of the trial court.

The sole issue on appeal concerns the order of priority between Otis and Firemen's to the rent proceeds. Simply stated, this case concerns the priority between a judgment creditor (Otis) and a prior perfected secured creditor (Firemen's) for the assets of a common debtor (Mid-America) where the assets were specifically designated as additional security in the security agreement.

Plaintiff argues that in order to avail itself of the rent assignment provision in the mortgage, Firemen's was required to serve the building tenants with notice of default in the mortgage as required by MCL 554.231; MSA 25.1137(1). In response, Firemen's argues that once it recorded the mortgage and the mortgagor's default, the assignment of rents was valid and enforceable as between the mortgagor (Mid-America) and mortgagee (Firemen's). Thus, Firemen's contends that Otis could not garnish the rents because Mid-America no longer had an interest in the rents. We agree with the position of Firemen's Insurance Company.

MCL 554.231; MSA 25.1137(1) provides as follows:

> Hereafter, in or in connection with any mortgage on commercial or industrial property other than an apartment building with less than 6 apartments or any family residence to secure notes, bonds or other fixed obligations, it shall be lawful to assign the rents, or any portion thereof, under any oral or written leases upon the mortgaged property to the mortgagee, as security in addition to the property described in such mortgage. Such assignment of rents shall be binding upon such assignor only in the event of default in the terms and conditions of said mortgage, and shall operate against and be binding upon the occupiers of the premises from the date of filing by the mortgagee in the office of the register of deeds for the county in which the property is located of a notice of default in the terms and conditions of the mortgage and service of a copy of such notice upon the occupiers of the mortgaged premises.

Notably, the statutory language states that such an "assignment of rents shall be binding upon such assignor only in the event of default. . . ."

Thus, the mortgagor's default is sufficient to finalize the mortgagee's interest in the rents as against the mortgagor. The additional language requiring service of notice of default upon the "occupiers" or tenants concerns the operation of the assignment as against the tenants, not as against the assignor.

A similar interpretation of MCL 554.231; MSA 25.1137(1) was adopted recently by the bankruptcy courts. In the case of *In re Mount Pleasant Limited Partnership,* 144 Bankr 727, 733-734 (WD Mich, 1992), the bankruptcy court stated as follows:

> Under section 1 of Michigan's statute, giving "binding effect" to the assignment is conditioned only upon default. Therefore, at the point of default the mortgagor becomes obligated as contractually provided in the assignment.
>
> * * *
>
> . . . Once default occurs, . . . the assignment becomes binding, and the mortgagee has a "choate" or present vested right in the rents. . . . [T]he service requirement only determines which party has the initial right to collect the rents, and is intended as a protection for the tenants. It does not affect the rights between mortgagor and mortgagee.

Similarly, the decision of the bankruptcy court in the case of *In re Coventry Commons Associates,* 143 Bankr 837, 838 (ED Mich, 1992) also provides support for our opinion, as follows:

> In Michigan, the assignment of rents is governed by statute—M.C.L.A. §§ 554.231 and 554.232 (West 1988) ("§ 231" and "§ 232"). These provisions, this Court concludes, permit a mortgagor to grant to a mortgagee an assignment of rents as additional security and that the assignee/mortgagee's rights

are perfected and binding against the assignor/ mortgagor when such assignment is recorded and a default occurs in the terms and conditions of the mortgage.

Accordingly, we agree with the opinion of the trial court that Otis could not garnish Mid-America's interest in rents because Mid-America no longer had a valid property interest in the rents after its default on its mortgage with Firemen's.

Affirmed.